Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Marcus** | **Kenyatta** | **McCall Sr.** |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | **Erin** | **Marie** | **McCall** |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Eastern District of Texas**

Case number (if known) _____

**For amended plans only:**

☐ Check if this amended plan is filed prior to any confirmation hearing.

☐ Check if this amended plan is filed in response to an initial denial order or a continuance that counted as an initial denial.

List the sections which have been changed by this amended plan:

_____
_____

## **TXEB Local Form 3015-a**

# CHAPTER 13 PLAN

Adopted: Dec 2017

### Part 1: Notices

**To Debtor[1]:** This plan form is designed for use when seeking an initial confirmation order. It sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. **When you file this Plan, you must serve a copy of it upon each party listed on the master mailing list (matrix) of creditors as constituted by the Court on the date of service and evidence that service through a Certificate of Service affixed to this document that attaches a copy of the matrix of creditors which you served. The most current matrix in this case is available under the "Reports" tab of the CM-ECF system.**

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose any permanent treatment of your claim as outlined in this plan, you or your attorney must file an objection to confirmation of this Plan. An objection to confirmation must be filed at least **14 days** before the date set for the plan confirmation hearing. That date is listed in ¶ 9 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. The objection period may be extended to 7 days prior to the confirmation hearing under the circumstances specified in LBR 3015(f). In any event, the Court may confirm this plan without further notice if no objection to confirmation is timely filed.

Regardless of whether you are listed in the Debtor's matrix of creditors or in the Debtor's schedules, **you must timely file a proof of claim** in order to be paid under this Plan. The deadline for filing claims is listed in ¶ 8 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. Disbursements on allowed claims will begin on the Trustee's next scheduled distribution date after the Effective Date of the Plan. See § 9.1.

*The Debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the Plan.*

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of an allowed secured claim through a final determination of the value of property constituting collateral for such claim, as set forth in § 3.10 of this Plan, which may result in a partial payment or no payment at all to the secured creditor.** | ☐ Included | ☑ Not Included |
| 1.2 | **Avoidance of a judicial lien or a nonpossessory, nonpurchase-money security interest, as set forth in § 3.9 of this Plan.** | ☐ Included | ☑ Not Included |
| 1.3 | **Potential termination and removal of lien based upon alleged unsecured status of claim of lienholder, as set forth in § 3.11 of this Plan.** | ☐ Included | ☑ Not Included |

---

[1] The use of the singular term "Debtor" in this Plan includes both debtors when the case has been initiated by the filing of a joint petition by spouses.

Debtor  McCall Sr., Marcus Kenyatta; McCall , Erin Marie          Case number _____

| 1.4 | Nonstandard provisions as set forth in Part 8. | ☐ Included | ☑ Not Included |
|---|---|---|---|

**Part 2:** Plan Payments and Length of Plan

**2.1** The applicable commitment period for the Debtor is __60__ months.

**2.2 Payment Schedule.**

Unless the Court orders otherwise, beginning on the 30th day after the Petition Date[2] or the entry date of any order converting this case to Chapter 13, whichever is later, the Debtor will make regular payments to the Trustee throughout the applicable commitment period and for such additional time as may be necessary to make the payments to claimants specified in Parts 3 through 5 of this Plan (the "**Plan Term**"). The payment schedule shall consist of:

[2] The use of the term "Petition Date" in this Plan refers to the date that the Debtor filed the voluntary petition in this case.

☑ **Constant Payments:** The Debtor will pay __$4,768.00__ per month for __60__ months.

☐ **Variable Payments:** The Debtor will pay make variable plan payments throughout the Plan Term. The proposed schedule for such variable payments are set forth in **Exhibit A** to this Order and are incorporated herein for all purposes.

**2.3 Mode of Payment.** Regular payments to the Trustee will be made from future income in the following manner:

[*Check one*]

☐ Debtor will make payments pursuant to a wage withholding order directed to an employer.

☑ Debtor will make electronic payments through the Trustee's authorized online payment system.

☐ Debtor will make payments by money order or cashier's check upon written authority of the Trustee.

☐ Debtor will make payments by other direct means only as authorized by motion and separate court order.

**2.4 Income tax refunds.**

In addition to the regular monthly payments to the Trustee, and in the absence of a court order to the contrary, the Debtor is required to:

(1) supply a copy of each federal income tax return, including all supporting schedules, filed during the Plan Term to the Trustee within 14 days of filing the return; and

(2) remit to the Trustee within 14 days of receipt all federal income tax refunds received by each Debtor during the plan term which will be added to the plan base; provided, however, that the Debtor may retain from each such refund up to $2,000.00 in the aggregate on an annual basis if the Debtor is current on the payment obligations to the Trustee under this Plan at the time of the receipt of such tax refund.

The Debtor hereby authorizes the Trustee to endorse any federal income tax refund check made payable to the Debtor during the plan term.

Debtor  McCall Sr., Marcus Kenyatta; McCall , Erin Marie       Case number _____

### 2.5  Additional payments.

[*Check one*]

☑ **None.** *If "None" is checked, the rest of § 2.5 need not be completed.*

### 2.6  Plan Base.

The total amount due and owing to the Trustee under §§ 2.2 and 2.5 is __**$286,080.00**__ which, when combined with any income tax refunds due to the Trustee under § 2.4, any litigation proceeds due to the Trustee under § 9.3, and any other funds received by the Trustee on the Debtor's behalf during the Plan Term, constitutes the " **Plan Base.**"

## Part 3: Treatment of Secured Claims

### 3.1  Post-Petition Home Mortgage Payments. *[Check one]*

☐ **No Home Mortgage.** *If "No Mortgage" is checked, the remainder of § 3.1 and § 3.2 need not be completed.*

☑ **Home Mortgage Maturing Before or During Plan Term.** *If "Mortgage Maturing" is checked, the claim will be addressed in § 3.4. The remainder of § 3.1 and § 3.2 need not be completed.*

☑ **Direct Home Mortgage Payments by Debtor Required.**

On the Petition Date, the Debtor owed the following claims secured only by a security interest in real property that is the Debtor's principal residence. The listed monthly payment amount is correct as of the Petition Date. Such mortgage claims (other than related Cure Claims addressed in § 3.2), shall be paid directly by the Debtor in accordance with the pre-petition contract, including any rate changes or other modifications required by such documents and noticed in conformity with any applicable rules, as such payments become due during the Plan Term. The fulfillment of this requirement is critical to the Debtor's reorganization effort. **Any failure by the Debtor to maintain payments to a mortgage creditor during the Plan Term may preclude confirmation of this Plan and, absent a subsequent surrender of the mortgage premises, may preclude the issuance of any discharge order to the Debtor under § 1328(a).** [3] The Trustee will monitor the Debtor's fulfillment of this direct payment obligation ("DPO").

---

[3] All statutory references contained in this Plan refer to the Bankruptcy Code, located in Title 11, United States Code.

| Mortgage Lienholder | Property Address | Monthly Payment Amount by Debtor | Due Date of Monthly Payment |
|---|---|---|---|
| **Denton County Appraisal District** | _ | _ <br> Amount inc: <br> ☐ Tax Escrow <br> ☐ Insurance Escrow <br> ☐ Other _____ | _ |

Debtor  McCall Sr., Marcus Kenyatta; McCall , Erin Marie            Case number _____

| Mortgage Lienholder | Property Address | Monthly Payment Amount by Debtor | Due Date of Monthly Payment |
|---|---|---|---|
| **Denton County FWSD #4A Apraisal** | – | –<br>Amount inc:<br>❏ Tax Escrow<br>❏ Insurance Escrow<br>❏ Other _____ | – |
| **Freedom Mortgage Corporation** | 11621 Summer Springs Drive<br>Frisco, TX 75036 | $1,841.80<br>Amount inc:<br>❏ Tax Escrow<br>❏ Insurance Escrow<br>❏ Other _____ | 1 |
| **Little Elm ISD Appraisal** | – | –<br>Amount inc:<br>❏ Tax Escrow<br>❏ Insurance Escrow<br>❏ Other _____ | – |

**3.2  Curing Defaults and Maintenance of Direct Payment Obligations.** *[Check one]*

☑ **None.** *If "None" is checked, the remainder of § 3.2 need not be completed.*

**3.3  Secured Claims Protected From § 506 Bifurcation.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.3 need not be completed.*

**3.4  Secured Claims Subject to § 506 Bifurcation.**

[*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.4 need not be completed.*

**3.5  Direct Payment of Secured Claims Not in Default.** [*Check one*]

❏ **None.** *If "None" is checked, the remainder of § 3.5 need not be completed.*

Debtor  McCall Sr., Marcus Kenyatta; McCall , Erin Marie          Case number _____

☑ **Direct Claims.** Each of the following secured claims are designated for direct payment in accordance with the applicable contractual documents (a "Direct Claim"). The Debtor represents that each secured claim listed in this subsection was not in default on the Petition Date and either: (1) is protected from valuation under § 506(a) and payable at a contractual interest rate reasonable under the circumstances; or (2) should otherwise be approved by the Court based upon the justification provided. **Without such representations by the Debtor, this subsection may not be utilized and claim treatment must instead be addressed in § 3.4.** Each listed secured claim constitutes a separate class.

| Claimant<br>Collateral Description | Total Claim Amount on Petition Date | Collateral Value on Petition Date | Contract Interest Rate | Monthly Payment per Contract | Party to Make Payment | Date of Final Monthly Payment |
|---|---|---|---|---|---|---|
| **Carvana**<br>**Collateral Description**<br>2016 Ford Expedition<br>**Remarks**<br>Just purchased 9/24/2022 | $38,416.36 | $36,000.00 | 16.62% | $842.00 | ☑ Debtor<br>☐ Co-Debtor<br>☐ Third Party | 09/25/2028<br>☑ Exceeds Plan Term |

Justification:  Just purchased 9/24/2022

*Insert additional claims as needed.*

**3.6  Surrender of Property.** [*Check one*]

☑  **None.** *If "None" is checked, the remainder of § 3.6 need not be completed.*

**3.7  Lien Retention.**

The holder of a lien securing payment of a claim addressed in §§ 3.1 or 3.2 of this Plan shall retain its lien until the indebtedness secured by such lien is totally satisfied as determined under applicable non-bankruptcy law. The holder of a lien securing payment of any other allowed secured claim that is governed by this Plan shall retain its lien until the earlier of: (1) the total satisfaction of the indebtedness secured by the lien as determined under applicable non-bankruptcy law; or (2) the entry of a discharge order in favor of the Debtor under § 1328(a). In each instance, the provisions of this subsection may be superseded by a subsequent order of the Court.

**3.8  Maintenance of Insurance and Post-Petition Taxes Upon Retained Collateral.**

For all property that secures the payment of an indebtedness and which is proposed to be retained by the Debtor under this Plan, the Debtor must maintain insurance coverage as required either by the applicable contractual documents governing the indebtedness or as may be directed by the Trustee. The Debtor must also pay all *ad valorem* taxes on property proposed to be retained by the Debtor under this Plan as they come due in the post-petition period. Such payment shall be tendered to the appropriate taxing authorities in accordance with applicable non-bankruptcy law on or before the last date on which such taxes may be paid without penalty.

**3.9  Lien Avoidance.** [*Check one*]

☑  **None.** *If "None" is checked, the remainder of § 3.9 need not be completed.*

Debtor  McCall Sr., Marcus Kenyatta; McCall , Erin Marie          Case number _____

**3.10  Rule 3012 Valuation of Collateral.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.10 need not be completed.*

**3.11  Lien Removal Based Upon Unsecured Status.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.11 need not be completed.*

**Part 4:  Treatment of Administrative Expenses, DSO Claims and Other Priority Claims**

**4.1  General**

All allowed priority claims, other than those particular domestic support obligations treated in § 4.5, will be paid in full without post-confirmation interest. Where applicable, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each priority claim listed below until such time as the allowed amount of each priority claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected priority claim amount listed below.

**4.2  Trustee's Fees.**

The Trustee's fees are fixed by the United States Trustee pursuant to the provisions of 28 U.S.C. § 586(e)(2) and, pursuant thereto, shall be promptly collected and paid from all plan payments received by the Trustee.

**4.3  Attorney's Fees.**

The total amount of attorney's fees requested by the Debtor's attorney in this case is **$5,000.00**. The amount of **$2,313.00** was paid to the Debtor's attorney prior to the Petition Date. The allowed balance of attorney's fees will be paid by the Trustee from the remaining available funds after the payment of required adequate protection payments pursuant to §§ 3.3 and 3.4 of this Plan.

The allowed balance of attorney's fees to be awarded to the Debtor's attorney in this case shall be determined by:

☑ LBR 2016(h)(1);  ☐ by submission of a formal fee application.

**LBR 2016(h)(1):** If the attorney's fee award is determined by the benchmark amounts authorized by LBR 2016(h), the total fee shall be the amount designated in LBR 2016(h)(1)(A) unless a certification is filed by the Debtor's attorney regarding the rendition of legal services pertaining to automatic stay litigation occurring during the Benchmark Fee Period outlined in that rule. The Trustee is authorized to make the benchmark fee calculation and to recognize the proper enhancement or reduction of the benchmark amount in this case without the necessity of court order. No business case supplement to the benchmark fee shall be recognized unless a business case designation is granted on or before initial confirmation of the Plan.

**Fee Application:** If attorney's fees are determined by the formal fee application process, such fee application shall be filed **no later than 30 days after the expiration of the Benchmark Fee Period** outlined in LBR 2016(h)(1). If no application is filed within that period, the determination of the allowed amount of attorney's fees to the Debtor's attorney shall revert to the benchmark amounts authorized by LBR 2016(h)(1) without the necessity of any further motion, notice or hearing and the Trustee shall adjust any distributions in this class accordingly.

**4.4  Priority Claims: Domestic Support Obligations ("DSO").** [*Check one*]

☐ **None.** *If "None" is checked, the remainder of § 4.4 need not be completed.*

☑ **DSO.** The allowed priority claims listed below are based on an accrued domestic support obligation.

Debtor  McCall Sr., Marcus Kenyatta; McCall, Erin Marie     Case number _____

| DSO Claimant | Projected DSO Claim Amount | Projected Monthly Payment by Trustee |
|---|---|---|
| Takeda McCall | _ | Pro-Rata |
| Ericka S. Johnson | $0.00 | _ |

*Insert additional claims as needed.*

**4.5   Priority Claims: DSO Assigned/Owed to Governmental Unit and Paid Less Than Full Amount.** [*Check one*]

☐ **None.** *If "None" is checked, the remainder of § 4.5 need not be completed.*

☑ **DSO – Partial Payment Only.** The allowed priority claims listed below are each based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under § 1322(a)(4). *The use of this special treatment class provision statutorily requires that the payment commitment period in § 2.1 be established for a term of 60 months.*

| Governmental Unit as DSO Claimant | Projected DSO Claim Amount | Projected Monthly Payment by Trustee |
|---|---|---|
| Attorney General of Texas | $36,789.22 | Mo. 1, $374.15<br>Mo. 2 - 41, $1,000.85<br>Mo. 42, $371.15 |
| Attorney General of Texas | $120,947.36 | Mo. 1, $1,230.05<br>Mo. 2 - 41, $3,290.35<br>Mo. 42, $1,220.48 |

**4.6   Priority Claims: Taxes and Other Priority Claims Excluding Attorney's Fees and DSO Claims.** [*Check one*]

☐ **None.** *If "None" is checked, the remainder of § 4.6 need not be completed.*

☑ **Other Priority Claims.**

| Priority Claimant | Projected Claim Amount | Projected Monthly Payment by Trustee |
|---|---|---|
| Internal Revenue Service | ☐ Texas ad valorem tax claim entitled to 12% annual interest and disbursement priority as a secured claim under § 3.4 of the Plan. | Pro-Rata |

*Insert additional claims as needed.*

**Part 5:   Treatment of Nonpriority Unsecured Claims**

**5.1   Specially Classed Unsecured Claims.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 5.1 need not be completed.*

Debtor  McCall Sr., Marcus Kenyatta; McCall , Erin Marie             Case number _____

**5.2   General Unsecured Claims.**

Allowed nonpriority unsecured claims shall comprise a single class of creditors and will be paid:

☐ **100% + Interest at _____**;

☐ **100% + Interest at _____ with no future modifications to treatment under this subsection;**

☑ *Pro Rata* **Share:** of all funds remaining after payment of all secured, priority, and specially classified unsecured claims.

**5.3   Liquidation Analysis: Unsecured Claims Under Parts 4 & 5.**

If the bankruptcy estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code, the holders of priority unsecured claims under Part 4 of this Plan and the holders of nonpriority unsecured claims under Part 5 of this Plan would be paid an aggregate sum of approximately **$5,235.00**. Regardless of the particular payment treatments elected under Parts 4 and 5 of this Plan, the aggregate amount of payments which will be paid to the holders of allowed unsecured claims under this Plan will be equivalent to or greater than this amount.

### Part 6:  Executory Contracts and Unexpired Leases

**6.1   General Rule – Rejection.** The executory contracts and unexpired leases of the Debtor listed below are **ASSUMED** and will be treated as specified in § 3.2 of the Plan. All other executory contracts and unexpired leases of the Debtor are **REJECTED**.

[*Check one*]

☐ **None.** *If "None" is checked, the remainder of § 6.1 need not be completed.*

☑ **Assumed Contracts/Leases.** Current installment payments for any assumed executory contract or unexpired lease agreement constitute a direct payment obligation ("DPO") of the Debtor for which the Debtor shall serve as the disbursing agent. Payments to cure existing arrearages will be disbursed by the Trustee. All claims arising from the assumption of the following executory contracts or unexpired leases will be treated as specified in § 3.2 of the Plan and must be listed therein in order to be assumed.

| Counterparty | Description of Assumed Executory Contract or Leased Property |
|---|---|
| Texas Family Fitness | Gym Memebership |
| Frisco Self Storage | Storage |
| White Knight Pest Control | Pest Control |

*Insert additional agreements as needed.*

### Part 7:  Vesting of Property of the Estate

**7.1** Property of the estate will vest in the Debtor only upon the entry of an order for discharge pursuant to § 1328, in the absence of a court order to the contrary.

Debtor  McCall Sr., Marcus Kenyatta; McCall , Erin Marie        Case number _____

### Part 8: Nonstandard Plan Provisions

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed.*

Under Bankruptcy Rule 3015(c), nonstandard provisions **must** be set forth below. A nonstandard provision is a provision not otherwise included in the Official TXEB Form or any deviation from it. *Any nonstandard provision set out elsewhere in this Plan is void. Even if set forth below, any nonstandard provision is void **unless the "Included" box is checked in § 1.4 of this Plan.***

### Part 9: Miscellaneous Provisions

**9.1  Effective Date.** The effective date of this Plan shall be the date upon which the order confirming this Plan becomes a final, nonappealable order.

**9.2  Plan Disbursement Order.** Unless the Court orders otherwise, disbursements by the Trustee under this Plan shall occur in the following order: **(1)** Trustee's fees under § 4.2 upon receipt; **(2)** adequate protection payments under §§ 3.3 and 3.4; **(3)** allowed attorney fees under § 4.3; **(4)** secured claims under §§ 3.2, 3.3 and 3.4 concurrently; **(5)** DSO priority claims under §§ 4.4 and 4.5 concurrently; **(6)** non-DSO priority claims under § 4.6; **(7)** specially classed unsecured claims under § 5.1; and **(8)** general unsecured claims under § 5.2.

**9.3  Litigation Proceeds.** No settlement of any litigation prosecuted by the Debtor during the Plan Term shall be consummated without the consent of the Chapter 13 Trustee and, except as otherwise authorized by the Trustee, all funds received by the Debtor, or any attorney for the Debtor, shall be immediately tendered to the Chapter 13 Trustee for satisfaction of any authorized exemption claim of the Debtor, with the remainder of the funds dedicated as an additional component of the plan base.

### Part 10: Signatures

X  /s/ John Kendrick Turner          Date  10/05/2022
**Signature of Attorney for Debtor(s)**

X  _____   Date _____

X  _____   Date _____
**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

*By filing this document, the attorney for the Debtor or any self-represented Debtor certifies to the Court that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in TXEB Local Form 3015-a, other than any nonstandard provisions included in Part 8, and that the foregoing proposed Plan contains no nonstandard provisions other than those included in Part 8.*

Debtor  McCall Sr., Marcus Kenyatta; McCall, Erin Marie            Case number _____

### Part 11: Certificate of Service to Matrix as Currently Constituted by the Court

I hereby certify that the above and foregoing document was served upon all of the parities as listed on the attached master mailing (matrix) as constituted by the Court on the date of service either by mailing a copy of same to them via first class mail and/or electronic notification on    10/05/2022   .

**X**_____/s/ John Kendrick Turner_____
**Signature of Attorney for Debtor(s)**

# United States Bankruptcy Court
## Eastern District Of Texas

In re  McCall Sr., Marcus Kenyatta                              Case No.

   McCall , Erin Marie                                          Chapter    13

   Debtor(s)

## CERTIFICATE OF MAILING

The undersigned hereby certifies that a true copy of the following document(s):

was(were) mailed to all persons in interest at the addresses set forth in the exhibit which is attached hereto, electronically or by first class mail, postage prepaid, on   10/05/2022   .


Dated:   10/05/2022                                      /s/ John Kendrick Turner
                                                         John Kendrick Turner
                                                         Debtor or Debtor's(s') Counsel
                                                         Bar Number: 00788563
                                                         Allmand Law Firm, PLLC
                                                         860 Airport Fwy Ste 401
                                                         Hurst, TX 76054-3264
                                                         Phone: (214) 265-0123
                                                         Fax: (214) 265-1979
                                                         Email: JTurner@allmandlaw.com

| | | |
|---|---|---|
| **Allmand Law Firm, PLLC**<br>Allmand Law Firm, PLLC<br>860 Airport Fwy Ste 401<br>Hurst, TX 76054-3264 | **Allmand Law Firm, PLLC**<br>860 Airport Fwy Ste 401<br>Hurst, TX 76054-3264 | **Angelo State University**<br>2601 W. Ave N.<br>San Angelo, TX 76909 |
| **Attorney General of Texas**<br>Bankruptcy Collection Division<br>PO Box 12548<br>Austin, TX 78711 | **Attorney General of Texas**<br>Bankruptcy Collection Division<br>PO Box 12017<br>Austin, TX 78711 | **Carvana**<br>C/O Bridgecrest<br>PO BOX 29018<br>Phoenix, AZ 85038 |
| **CFNA/Credit First Natl Assoc**<br>Attn: Bankruptcy<br>P.O. Box Box 81315<br>Cleveland, OH 44181-0315 | **Chase Card Services**<br>Attn: Bankruptcy<br>PO Box 15298<br>Wilmington, DE 19850 | **Citibank**<br>Citicorp Credit Srvs/Centralized Bk dept<br><br>PO Box 790034<br>Saint Louis, MO 63179 |
| **Credit Collection Services**<br>Attn: Bankruptcy 725 Canton St<br>Norwood, MA 02062 | **Credit One Bank**<br>Attn: Bankruptcy Department<br>PO Box 98873<br>Las Vegas, NV 89193 | **Credit Systems International, Inc**<br>Attn: Bankruptcy<br>PO Box 1088<br>Arlington, TX 76004 |

Debtor  McCall Sr., Marcus Kenyatta; McCall, Erin Marie                    Case number _____

**Cws/cw Nexus**
Attn: Card Services
PO Box 9201
Old Bethpage, NY 11804

**Denton County Appraisal District**
McCreary Veselka Braggs & Allen, PC
P.O. Box 1269
Round Rock, TX 78680-1269

**Denton County FWSD #4A Apraisal**
c/o McCreary Veselka Bragg & Allen PC
P.O. Box 1277
Denton, TX 76202

**Ericka Johnson**
4750 Hickory Creek Dr #8
University Park, IL 60484

**Ericka S. Johnson**
P.O. Box 659791
San Antonio, TX 78265

**Erin Marie McCall**
11621 Summer Springs Drive
Frisco, TX 75036

**Everest Receivable Services**
2351 N. Forest Road Suite 100
Getzville, NY 14068

**Fedloan**
Attn: Bankruptcy
PO Box 60610
Harrisburg, PA 17106-0610

**First National Bank/Legacy**
Attn: Bankruptcy
PO Box 5097
Sioux Falls, SD 57117-5097

**First Premier Bank**
Bankruptcy
PO Box 5524
Sioux Falls, SD 57117

**First Savings Bank/Blaze**
Attn: Bankruptcy
PO Box 5096
Sioux Falls, SD 57117-5096

**Fnbo/ccs**
Attn: Bankruptcy
PO Box 5081
Sioux Falls, SD 57117

**Freedom Mortgage Corporation**
Attn: Bankruptcy
907 Pleasant Valley Ave, Ste 3
Mt Laurel, NJ 08054

**Frisco Self Storage**
155 Old Newman Rd
Frisco, TX 75034

**Grand Canyon University**
3300 w. Camelback Road
Phoenix, AZ 85017

**Internal Revenue Service**
Centralized Insolvency Operations
PO Box 21126
Philadelphia, PA 19114

**Internal Revenue Service**
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

**Linebarger Goggan Blair & Sampson LLP**
Attn: Lisa Large Evans
2777 N. Stemmons Freeway, Ste 1000
Dallas, TX 75201

**Little Elm ISD Appraisal**
Attn Officer or Managing Agent Sawko &
Burrougs, PC
1172 Bent Oaks Dr.
Denton, TX 76210

**LVNV Funding**
Resurgent Capital Services
Po Box 10497
Greenville, SC 29603

**Macys/fdsb**
Attn: Bankruptcy 9111 Duke Boulevard
Mason, OH 45040

**Marcus Kenyatta McCall Sr.**
11621 Summer Springs Drive
Frisco, TX 75036

**Midland Fund**
Attn: Bankruptcy
350 Camino De La Reine, Suite 100
San Diego, CA 92108

**Navient**
Attn: Bankruptcy
PO Box 9640
Wilkes-Barre, PA 18773-9640

**NTTA**
P.O. Box Box 660244
Dallas, TX 75266

**NTTA**
PO Box 660244
Dallas, TX 75266

**Portfolio Recovery Associates, LLC**
Attn: Bankruptcy 120 Corporate Boulevard
Norfolk, VA 23502

Debtor  McCall Sr., Marcus Kenyatta; McCall , Erin Marie                    Case number _____

**Portfolio Recovery Associates, LLC**
Attn: Bankruptcy
120 Corporate Blvd
Norfolk, VA 23502

**Professional Finance Company, Inc.**
Attn: Bankruptcy
PO Box 1686
Greeley, CO 80632-1686

**Spring Oaks Capital, Llc**
Attn: Bankruptcy
P.O. Box 1216
Chesapeake, VA 23327-1216

**Synerprise Consulting Services, Inc**
Attn: Bankruptcy 5651 Broadmoor
Mission, KS 66202

**Takeda McCall**
9825 Emory Oak Circle
Dallas, TX 75249

**Target Nb**
C/O Financial & Retail Services
Mailstop BT PO Box 9475
Minneapolis, MN 55440

**Tarleton State University**
Box T-0120
Stephenville, TX 76402

**Texas Alcoholic Beverage Comm**
Licenses and Permits Division
PO Box 13127
Austin, TX 78711-3127

**Texas Family Fitness**
6205 Coit Rd #205
Plano, TX 75024

**Texas Health and Human Services Com.**
P.O. Box 149055
Austin, TX 78714

**Transworld System Inc**
Attn: Bankruptcy
PO Box 15630
Wilmington, DE 19850

**True Accord**
16011 college Blvd Suite 130
Lenexa, KS 66219

**U.S. Department of Education**
P.O. Box 530260
Atlanta, GA 30353-0260

**United States Attorney - EAST**
110 N. College Ste. 700
Tyler, TX 75702

**United States Trustee - Western**
615 E. Houston Street, Suite 533
San Antonio, TX 78205

**Upstart Finance**
Attn: Bankruptcy
PO Box 1503
San Carlos, CA 94070

**US Attorney General**
US Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530

**USAA Federal Savings Bank**
Attn: Bankruptcy 10750 McDermott Freeway
San Antonio, TX 78288-9876

**White Knight Pest Control**
1411 Lemay Dr 306
Carrollton, TX 75007