**Fill in this information to identify the case:**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| Debtor 1 | **MARCUS KENYATTA MCCALL SR.** |
| Debtor 2<br>(Spouse, if filing) | **ERIN MARIE MCCALL** |
| Case Number: | **22-41316-R** |

☐ Check if this modification is filed prior to filing of TRCC.

☐ Check if this modification is filed after TRCC filing but still within Benchmark Fee Period.

☑ Check if this modification is filed after Benchmark Fee Period.

List the sections which have been changed by this modification:

**2.2, 8**

TXEB Local Form 3015-d

---

# MOTION TO MODIFY
# CONFIRMED CHAPTER 13 PLAN

---

## TO THE HONORABLE JUDGE OF THIS COURT:

1. This motion to Modify Previously-Confirmed Chapter 13 Plan (the "Modification Montion") is filed by the:

☑ **Debtor;** (1)          ☐ **Chapter 13 Trustee;**

☐ **Unsecured Claimaint:** _____

for the purpose of modifying certain specific provisions of that Chapter 13 Plan which had previously been confirmed for the Debtor on February 23, 2023. Except as modified herein, all provisions of the confirmed Chapter 13 Plan remain in full force and effect.

If this motion is filed by the Debtor, each Debtor:

☑    certifies that an amended Schedule I and Schedule J have been filed contemporaneously with this motion;

☐    declares, under penalty of perjury, that the information contained in Schedule I and Schedule J, as previously filed with the court, remains true and correct

### 28-DAY NEGATIVE NOTICE - LBR 3015(h):

**Your rights may be affected by the plan modifications sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading _WITHIN TWENTY-EIGHT (28) DAYS FROM DATE OF SERVICE_ shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order confirming this plan modification. If an objection is filed and served in a timely manner, the court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

---

(1) The use of the singular term "Debtor" in this Modification Motion includes both debtors when the case has been initiated by the filing of a joint petition by spouses .

| Debtor 1 | MARCUS KENYATTA MCCALL SR. | Case number *(if known)* | 22-41316-R |
|---|---|---|---|
| | Name | | |

2. This Modification Motion is required *(select all applicable):*

☐ to reconcile the Plan with allowed claims pursuant to the TRCC;

☐ to increase the amount of payments required under the Plan;

☑ to reduce the amount of payments required under the Plan;

☐ to provide for an allowed claim omitted from treatment under the Plan;

☐ to extend the time for making payments required under the Plan;

☐ to reduce the time for making payments required under the Plan;

☐ to surrender collateral pursuant to § 3.6;

☐ to cease further plan disbursements to a particular claimant;

☑ to cure a delinquency in the plan payments caused by loss of employment.

☐ to increase the amount of retained income tax refunds authorized under § 2.4;

Reason:

☑ to seek approval of an additional award of attorney's fees to the Debtor's attorney;

☐ Other:

☑ to add a nonstandard provision to Part 8 of the Plan [check box below];

**3. Notice to Creditors:**  Regarding insertion of new Nonstandard Provision into Debtor's Plan:

| **Nonstandard provisions as set forth in Part 8.** | ☑ **Included** | ☐ **Not Included** |
|---|---|---|

4. The specific modifications to the Debtor's Plan are as follows:

☑ **§ 2.2** of the Plan regarding regular plan payments (2) is **MODIFIED** in the following respects:

Beginning on the 30th day after the Petition Date (3) unless the Court orders otherwise, the Debtor will make regular payments to the Trustee in variable amounts throughout the applicable commitment period and for such additional time as may be necessary to make the payments to claimants specified in Parts 3 through 5 of this Plan (the "Plan Term"). The payment schedule shall consist of:

☐ **Constant Payments**: The Debtor will pay $   per month for   months.

☑ **Variable Payments:** The Debtor will pay make variable plan payments throughout the Plan Term. The proposed schedule for such variable payments are set forth in **Exhibit A** to this Order and are incorporated herein for all purposes.

If plan payment amounts are increasing, the Debtor certifies that, with regard to **§ 2.3** of the Plan,

☐ a Motion for an Amended Wage Withholding Order for the increased payment amount has been filed;

☐ an increase of the amount to be transferred to the Trustee by electronic means has been authorized.

---

(2) Any reference to § 2.2 of the Plan herein includes any payments designated and confirmed under ¶ 2 of the 2006 version of TXEB Local Form 3015-a.
(3) The use of the term "Petition Date" in this Plan refers to the date that the Debtor filed the voluntary petition in this case .

| Debtor 1 | **MARCUS KENYATTA MCCALL SR.** | Case number *(if known)* **22-41316-R** |
|----------|-------------------------------|------------------------------------------|
| | Name | |

**3.2**

☑ **None.** No additional Cure Claims designated for treatment under **§ 3.2 of the Plan**. (4)
☐ **No Remaining Claims**. All claims previously listed as a Cure Claim in **§ 3.2** of the Plan have been reclassified.
☐ **Revised/Additional Cure Claims**. **§ 3.2** of the Plan regarding the treatment of Cure Claims is **MODIFIED** in the following respects; provided, however, that to the extent that any Cure Claim added hereto is composed of a post-petition mortgage arrearage,
the payment of any such arrearage shall be deferred until such time as the Claimant files an amended proof of claim to quantify the amount of the post-petition arrearage and, in any event, unless the Court specifically orders otherwise, such payment shall be subordinated to the existing payment rights of junior classes under the Debtor's previously-confirmed Chapter 13 Plan:

| Claimant | Collateral/Property Description | Debtor's DPO Amount | Cure Claim Amount | Plan Interest Rate | Projected Monthly Payment by Trustee | Projected Total Cure Payment by Trustee |
|----------|----------------------------------|---------------------|-------------------|---------------------|---------------------------------------|------------------------------------------|
| | | | | | | |

**3.3**

☑ **None.** No additional 910 Claims designated for treatment under **§ 3.3 of the Plan**. (5)
☐ **No Remaining Claims**. All claims previously listed as a 910 Claim in **§ 3.3** of the Plan have been reclassified.
☐ **Revised/Additional 910 Claims**. **§ 3.3** of the Plan regarding the treatment of 910 Claims is **MODIFIED** in the following respects:

| Claimant | Collateral/Property Description | 910 Claim Amount | Plan Interest Rate | Equal Monthly Payment by Trustee | Projected Total Payment by Trustee |
|----------|----------------------------------|-------------------|---------------------|-----------------------------------|-------------------------------------|
| | | | | | |

**3.4**

☑ **None.** No additional 506 Claims designated for treatment under **§ 3.4 of the Plan**. (6)
☐ **No Remaining Claims**. All claims previously listed as a 910 Claim in **§ 3.4** of the Plan have been reclassified.
☐ **Revised/Additional 506 Claims**. **§ 3.4** of the Plan regarding the treatment of 506 Claims is **MODIFIED** in the following respects:

| Claimant | Collateral/Property Description | 506 Claim Amount | Collateral Value | Plan Interest Rate | Equal Monthly Payment by Trustee | Projected Total Payment by Trustee |
|----------|----------------------------------|-------------------|-------------------|---------------------|-----------------------------------|-------------------------------------|
| | | | | | | |

---

(4) Any reference to § 3.2 of the Plan herein includes any payments designated and confirmed under ¶ 6(B) or ¶ 8 of the 2006 version of TXEB Local Form 3015-a.
(5) Any reference to § 3.3 of the Plan herein includes any payments designated and confirmed under ¶ 6(A)(ii)(a) of the 2006 version of TXEB Local Form 3015-a.
(6) Any reference to § 3.4 of the Plan herein includes any payments designated and confirmed under ¶ 6(A)(ii)(b) of the 2006 version of TXEB Local Form 3015-a.

Debtor 1    **MARCUS KENYATTA MCCALL SR.**
Name

Case number *(if known)* 22-41316-R

**3.5**

☑    **None.** No additional Direct Claims designated for treatment under **§ 3.5 of the Plan**. (7)
☐    **§ 3.5 of the Plan** regarding the treatment of Direct Claims is **MODIFIED** in the following respects:

| Claimant | Collateral Description | Total Claim Amount on Petition Date | Collateral Value on Petition Date | Contract Interest Rate | Monthly Payment per Contract | Date of Final Monthly Payment |
|---|---|---|---|---|---|---|
| | | | | | | |

**3.6**

☑    **None.** No additional designations for surrender of collateral under **§ 3.6 of the Plan**. (8)
☐    **Additional Surrender of Collateral. § 3.6 of the Plan** regarding the designation of property to be surrendered is **MODIFIED.**

The Debtor surrenders to each additional claimant listed below the property that secures that creditor's claim and requests that, upon the granting of this Modification Motion, the automatic stay under § 362(a) be terminated as to the referenced collateral only and any co-debtor stay under § 1301 be terminated in all respects. Pending the consideration of this Modification Motion, the Trustee shall immediately cease any plan distribution to the additional claimant on account of the allowed secured claim for which the surrendered collateral stands as security. The affected claimant shall have **ninety (90) days after the entry of the order granting this Modification Motion** to file an amended proof of claim regarding recovery of any deficiency balance from the Estate resulting from the disposition of the collateral. Any such allowed general unsecured claim will thereafter be treated under § 5.2 of the confirmed plan.

| Claimant | Collateral Description | Collateral Location |
|---|---|---|
| | | |

**4.4**

☑    **None.** No additional DSO Claims designated for treatment under **§ 4.4 of the Plan**. (9)
☐    **No Remaining Claims.** All claims previously listed as a DSO Claim in **§ 4.4 of the Plan** have been reclassified.
☐    **Revised/Additional DSO Claims. § 4.4 of the Plan** regarding the treatment of DSO Claims is MODIFIED in the following respects:

| DSO Claimant | Projected DSO Claim Amount | Projected Monthly Payment by Trustee |
|---|---|---|
| | | |

(7) Any reference to § 3.5 of the Plan herein includes any payments designated and confirmed under ¶ 12(B) of the 2006 version of TXEB Local Form 3015-a.
(8) Any reference to § 3.6 of the Plan herein includes any designations for surrender of collateral under ¶ 6(C) of the 2006 version of TXEB Local Form 3015-a.
(9) Any reference to § 4.4 of the Plan herein includes any payments designated and confirmed under ¶ 5(A) of the 2006 version of TXEB Local Form 3015-a.

| Debtor 1 | **MARCUS KENYATTA MCCALL SR.** | | Case number *(if known)* | **22-41316-R** |
|---|---|---|---|---|
| | Name | | | |

**4.6**

☑   **None.** No additional Tax/Other Priority Claims designated for treatment under **§ 4.6** of the Plan. (10)

☐   **No Remaining Claims.** All claims previously listed as a Tax/Other Priority Claim in **§ 4.6** of the Plan have been reclassified.

☐   **Revised/Additional Tax/Priority Claims**. **§ 4.6** of the Plan regarding the treatment of Tax/Other Priority Claims is **MODIFIED** in the following respects:

| Priority Claimant | Projected Claim Amount | Projected Monthly Payment by Trustee |
|---|---|---|
| INTERNAL REVENUE SERVICE<br><br>2018 - 2021 TAXES | $11,368.14 | Pro-Rata |

☑   **Part 8** of the plan is MODIFIED with the inclusion of the following Special Provision:

> Under Bankruptcy Rule 3015(c), nonstandard provisions **must** be set forth below. A nonstandard provision is a provision not otherwise included in the Official TXEB Form or any deviation from it. *Any nonstandard provision set out elsewhere in this Modification Motion is void. Even if set forth below, any nonstandard provision is void **unless the "Included" box is checked in ¶ 3 of this Modification Motion.***

Debtor(s) may not assume any post-petition debt, except upon written approval of the Trustee as follows:
For purchase of a car: Limit of $20,000 financed with monthly payments not to exceed $500.00
For purchase of home: limit of $250,000 financed with total monthly payment including taxes and insurance not to exceed $2,500.00.
Debtor(s) must be current on plan payments and provide an amended budget that includes the proposed payments and updated income Information.
The Trustee cannot approve any request that exceeds the current budget expenditure for the particular debt or expense.
Debtor(s) must file a motion to incur debt if that request does not fall within the guidelines as stated above.

---

(10) Any reference to § 4.6 of the Plan herein includes any payments designated and confirmed under ¶ 5(B) of the 2006 version of TXEB Local Form 3015-a.

Debtor 1     **MARCUS KENYATTA MCCALL SR.**        Case number *(if known)*   **22-41316-R**
        Name

5. **Request for Additional Attorney's Fees (Expiration of Benchmark Fee Period Only):**

In light of the fact that the Benchmark Fee Period under LBR 2016(h) expired prior to the filing of this motion, the Debtor's attorney, ALLMAND LAW FIRM PLLC requests an additional award of $ 650.00 to be paid pursuant to § 4.3 of the confirmed Plan for legal services rendered and for reimbursement of expenses incurred with regard to the preparation and filing of this Modification Motion and other documents pertaining thereto. This award would be in addition to any other fees previously awarded or paid in this case and shall be paid in a manner consistent with § 9.2 of the confirmed Plan.

WHEREFORE, the Movant, as identified in ¶ 1 herein, respectfully prays that the foregoing Modification Motion be granted, that the Debtor's Plan be modified in the manner set forth herein, that, if applicable, any request for additional attorney's fees as set forth in ¶ 5 be granted, and that such other and further relief be granted in this regard as may be appropriate under the circumstances.

Respectfully submitted,

/s/ Juan Tomasino

ATTORNEY FOR THE DEBTOR(S)

| Exhibit A | | | |
|---|---|---|---|
| Begin Date: | Term: | End Date: | Amount: |
| November 4, 2022 | 18   MONTHS | May 3, 2024 | $2,509.47 |
| May 4, 2024 | 1   MONTHS | June 3, 2024 | $2,509.54 |
| June 4, 2024 | 41   MONTHS | November 3, 2027 | $6,994.00 |
| | | Base Amount: | $334,434.00 |

Debtor 1     **MARCUS KENYATTA MCCALL SR.**            Case number *(if known)*   **22-41316-R**
                Name

Debtor 1    **MARCUS KENYATTA MCCALL SR.**        Case number *(if known)*   **22-41316-R**
<br>Name

## CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of the foregoing Motion to Modify Confirmed Chapter 13 Plan has been served upon the following parties in interest on the date set forth below by either electronic service or mailing a copy of same to them via first class mail.

and to the parties on the attached mailing matrix.

Dated:   5/22/2024

/s/ Juan Tomasino
Attorney for the Debtor(s)